UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONNIE M. LYLES**                                                                                               **CIVIL ACTION**

**VERSUS**                                                                                                              **NO. 13-655**

**ROBERT C. TANNER, WARDEN**                                                                    **SECTION "K"(3)**

## ORDER AND REASONS

Before the Court are a "Notice of Intent to Appeal and Order Fixing Return Date" (Doc. 25), a "Notice of Appeal" (Doc. 27), and a "Notice of Appeal" (Doc. 28). All of these documents concern an Order issued by Magistrate Judge Knowles pursuant to 28 U.S.C. § 636(b)(1)(A) wherein Judge Knowles denied a fourteen page "Motion for an Order Compelling Discovery and Inspection and For Exculpatory Evidence" filed by pro se petitioner Ronnie Lyles in his habeas corpus suit brought pursuant to 28 U.S.C. § 2254. The motion which was the subject of the Order included voluminous requests to Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Louisiana for, *inter alia,* (1) certified documents prepared by the Louisiana Department of Social Services-Child Protection Agency, Office of Community Services; (2) "any and all exculpatory information or materials;" (3) names and addresses of any other suspects in the case; (4) any physical evidence, information statements or notes which are evidence or may lead to evidence that the accused may have a defense to the crime alleged or may have committed an offense lesser than that with which he is charged, or that someone else may have committed the alleged crime. In all, there are 57 such requests. None of them allege with any specificity any facts that if they were fully developed would be able to demonstrate that petitioner is confined illegally and is therefore entitled to relief.

As the order from which plaintiff seeks to appeal is one concerning discovery, his appeal does not lie with the United States Court of Appeals as he seeks. Rather, the appeal lies with this district court. As such, the Court will treat all three "notices" as Motions for Appeal and Review of the Magistrate Judge's Decision as contemplated un 28 U.S.C. § 636(B)(1)(A) and Fed. R.Civ. P. 72(a) concerning non-dispositive motions. As the initial "notice" was filed within 14 days of the order, the request was timely. Thus, the issue before the Court is whether the Magistrate Judge's ruling was clearly erroneous or contrary to law.

As stated in *Ward v. Whitely*, 21 F.3d 1355 (5th Cir. 1994):

> A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. Conclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions.

*Id.* at 1367. Here, there are no such allegations. Indeed, the breadth and scope of this request is enormous and is not supported with any argument to demonstrate good cause as to why these materials warrant discovery. Moreover, this Court would be unable to consider any evidence uncovered due to the fact that it was never presented to the state courts. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before

2

the state court."). Thus, the Court finds that the Order (Doc. 22) from which petitioner seeks an appeal was neither clearly erroneous nor contrary to law. Accordingly,

**IT IS ORDERED** that the "Notice of Intent to Appeal and Order Fixing Return Date" (Doc. 25), the "Notice of Appeal" (Doc. 27), and the "Notice of Appeal" (Doc. 28) are hereby treated as Motions for Appeal and Review of the Magistrate Judge Decision and are **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2014.

                                      **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**