# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE M. LYLES | CIVIL ACTION |
| versus | NO. 13-655 |
| ROBERT C. TANNER, WARDEN | SECTION: "K" (3) |

## ORDER AND REASONS

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and plaintiff's objections filed on September 8, 2014, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion. In the Report and Recommendation, Magistrate Judge Daniel E. Knowles, III found that the petitioner's application is untimely, that he failed to exhaust his remedies in the state courts, and that his claims are procedurally barred.

Petitioner in a rambling 56 page "Petitioner's Notice of Objection in Opposition to the Court's Report and Recommendation" (Doc. 34) does not contest the finding that he did not file this petition within the one-year limitations period, and he does not contest that statutory tolling is inapplicable. His focus is on his contention that he should be granted equitable tolling because he proceeded *pro se*. Rec. Doc. 34, p. 5). However, the Court finds this argument without merit.

Neither a petitioner's "*pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 Fed. App'x 316, 323 (5th Cir. 2013); *accord Nelson v. Quarterman*, 215 Fed. App'x 396, 398-99 (5th Cir. 2007) ("[A] defendant's *pro se* status will not excuse an untimely habeas petition."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim. . . [M]ere ignorance of the law or lack of knowledge of filing deadlines

does not justify equitable tolling or other exceptions to a law's requirements.").

In addition, he has reiterated the argument that he is actually innocent; however, a review of the materials demonstrates that there is compelling evidence of guilt and that his protestations that the testimony of witnesses at trial was uncorroborated and contradictory is unfounded. Petitioner has not made the required showing that in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This argument is likewise without merit.

Petitioner also argues that the decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) affords him another avenue to circumvent the time-bar which also fails. In *Martinez*, the Supreme Court held, "Where, under state law, claims of ineffective assistance to trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was not counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Subsequently, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court held that the *Martinez* exception also applies when a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Id.* at 1921.

However, both of these cases arise in the context of the **procedural** default doctrine, **not** equitable tolling of the AEDPA's statute of limitations. Thus, these cases are inapplicable in this instance and do not excuse petitioner's failure to seek federal relief in a timely manner. *See, e.g., Henschen v. Secretary, Florida Department of Corrections*, 2013 WL 6816093, at *5 (N.D. Fla. Dec. 24, 2013); *Oxley v. Cain*, 2013 WL 5238297, at *2 (M.D. La. Sept. 17, 2013); *Kuykendall v. Stephens*, 2013 WL 3455724, at *3 (N.D. Tex. July 9, 2013). This objection is likewise meritless.

Finally, to the extent that petitioner presents evidence in support of his objections, it appears that most, if not all, of that evidence was available to him more than a decade ago. Further, even if any of the evidence was discovered within one year of the filing of this federal application, he has failed to show that the evidence was in fact only recently discoverable through the exercise of due diligence. Therefore, that evidence does not render his federal application timely. See 28 U.S.C. § 2244(d)(1)(D). Accordingly,

**IT IS ORDERED** that the petition for federal *habeas corpus* relief filed by **Ronnie M. Lyles** is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of September, 2014.

_____
**UNITED STATES DISTRICT JUDGE**